UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY KENNETH WILLIAMS, JR.,

    Applicant,

v.                                        CASE NO. 8:17-cv-3091-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Williams's amended application under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 4) challenges the validity of his state conviction for two counts of sexual battery involving a victim under twelve and one count of lewd and lascivious molestation involving a victim under twelve, for which he is imprisoned for life. Williams is barred from proceeding with this action.

Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." The preliminary review shows that the application is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of*

*Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus).

Williams's earlier challenge to this same conviction in 8:17-cv-611-T-27MAP was dismissed as time-barred. Williams cannot pursue a "second or successive" application without permission from the Eleventh Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1324–25 (2017) ("After a state prisoner has had a trial, a direct appeal, and an opportunity for collateral review in the state courts, he typically gets one, and only one, chance to collaterally attack his conviction in federal court. With exceptions not relevant here, section 2244(b) prohibits a state prisoner from filing a 'second or successive' habeas petition.").

The determination that the earlier application was time-barred precludes Williams from again challenging either his conviction or his sentence without first obtaining authorization from the circuit court, as *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014), *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367 (2015), explains:

> [A] second petition is successive if the first was denied or
> dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328,
> 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for

untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*Accord Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *See also United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014)[*] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the amended application for the writ of habeas corpus (Doc. 4) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on August 3, 2018.

<u>                                        </u>
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE